Our next case this morning is United States v. Draine, No. 206118. Counsel, you may proceed. Mr. Mueller. Good morning, and may it please the court. My name is Adam Mueller, and I represent Mr. Draine. I'm happy to answer any questions this court may have on any issues, but I intend to focus my argument this morning on the first issue, which is presented in the briefs, which is the district court's erroneous admission of expert opinion testimony about the significance of drug quantities, drug paraphernalia, and the characteristics of drug distribution. Now I want to start quickly with what is not contested in this case, or at least what is assumed in this case. And that is that Sergeant Poole and Officers Pennington and Lawson all offered expert opinion testimony properly subject to Rule 702 of the Rules of Evidence and Rule 16A1G of the Rules of Criminal Procedure. So with that background, what is disputed in this case? And the primary thing that is disputed is whether any error occurred at all, much less plain error, because it may appear from the record that the officers were qualified to offer expert opinion testimony. Can I just butt in and ask you a basic question, which is, when you say error, what is the error? The district court didn't sua sponte, interrupt counsel and say, you can't offer that evidence, you haven't filed a Rule 16 disclosure? Is that what you contend the error is? So I think there are two errors, Your Honor, which are interrelated, which is once it became clear and obvious that these officers were offering expert opinion testimony, which I, as I said, I think really isn't disputed, at least assumed. I think there were two things. One, the court should have subjected that to a Rule 702 analysis, ask counsel to approach perhaps and say, have we, you know, we didn't pretrial brief this. We didn't have a hearing. Are we in expert territory here? Even without an objection, the court had an obligation by plain error to sua sponte do that. I believe so, Your Honor, that's our position. And I also think the other error is that the fact there was no Rule 16 disclosure. I understand this. This is plain air. You know, I'm not disputing that. And so none of this was brought to. I guess I guess where I'm struggling is the word error. We're talking about the district court error. Right. We're not talking about counsel on either side or the defendant's choices. You're arguing that the district court. Yes, I am, Your Honor. I apologize. Go ahead. No, please. I didn't mean to interrupt you. No, I think I stepped on your question, but I think I understand the struggle here. And I think my position is that the failure to object doesn't bear on whether there was air in the first place. The failure to object subjects me on appeal to certainly a much more rigorous standard of review and standard of reversal. But doesn't bear on whether the district court has an obligation to ensure the expert opinion testimony, which this was or at least assumed it is assumed on appeal that this was is properly admitted under 702 and meets the requirements, which requires more than just qualifications. And that's one of the key points here, which is why I think this. Counsel. I'm trying to understand this theory of suespante error. So the judge is is presiding at the trial and the examination is is being conducted with the officer. And the officer starts moving into some subject area that is at least arguably expert testimony based on experience and expertise. But the defense counsel is silent. Now, the district judge could very easily think, well, I'm not going to jump in and interrupt here because maybe a defense counsel is making a tactical decision. As is often the case to say, well, I'm going to let this one go and and pick my other battles in terms of making evidentiary objections. So why would the judge be obligated to intervene in that circumstance and say, well, wait a minute. Let's talk about rule 702. I take your honor's point. But I think that's really the fiction, so to speak, of plenary review in pretty much any case. I mean, we can change the facts and talk about a different type of plenary review or a different alleged error. You can think of hearsay, for example, where there's some testimony coming in and the judge might think this is being offered for the truth. Sure seems to me I don't see a hearsay object. I don't see a hearsay exception that would allow the admission of this. Should I, sua sponte, interject and ask the parties about it? Now, it's a fiction that on appeal we're saying if it's plenary, yes, the district court should have done that. But there are plenaries and that happens in evidentiary context. I admit it is less frequent than perhaps a statutory interpretation question that might be raised as plenary. But it happens. It's not impossible. Maybe it could be recharacterized a bit. I take it that one way of looking at it is that counsel didn't object and therefore forfeited the objection. And now on appeal wants to argue that had the objection been made, there would have been this procedure and it should have been the procedure and it was there not to have it. And so it's plain error. Is that is that another way of looking at it? I think that's right, Your Honor. And had counsel objected, presumably a counsel would have said, you know, and we didn't get any rule 16 disclosures. All right. I understand the rule 16 part. But so if we go that far, how was the airplane? I mean, is it because the officers clearly weren't qualified to testify as experts? I think there's two issues because Rule 702 isn't just about qualifications. Rule 702 requires both qualifications and reliable application of those qualifications and specialized knowledge or training to the facts of the case. And so there's two problems. And this is why I think the decision which this court has in Christina or excuse me, I'm mispronouncing the case. Kristerna Gonzalez doesn't bind this panel in this case because that opinion, for one, doesn't talk about Rule 16, which we just mentioned and put aside for a moment. But the second issue is whether the officers offered reliable testimony based on their qualifications. Now, admit it. I don't have a record to tell you that it was unreliable, but that's the natural product of not having gotten the disclosures. It's partially due to the failure to object. The records show that these officers were experienced drug investigators. I mean, isn't that the basis for their their expertise and also their reliability? Well, I think it shows they testified there was essentially voir dire on their qualifications and training, although since it wasn't a formal 702 kind of hearing or recognition of 702 testimony, it wasn't done in a voir dire context. But there was testimony about their training and experience, and I haven't contested whether they are qualified to offer it. Part of that offer an expert opinion, but the mere fact that they're qualified doesn't mean that the opinion they offer is reliable. And those are two separate inquiries under 702 and the Daubert cases and Cuomo-Tyre. And so, again, I'm a bit hamstrung and this may be, you know, it's my burden on a plain air review to show the air and it was obvious and that there was prejudice. So I certainly understand that. But I think this case is distinguishable from prior cases where the court has basically said in the absence of a factual record on point, we can't say that there was plain air. And the reason I think it's distinguishable is because the absence of a factual record here is due not just to the fact that there wasn't an objection, but it's also due to the nature of the air itself, which is a deprivation of notice pre-trial under Rule 16. But stopping just to pause there, what we're talking about here is nothing too earth shattering. It's every drug case. There's going to be two questions that the trained officer is going to come in and testify about that are beyond the jury's common knowledge, which is how much of this drug is a dose and how much does a dose cost? And that's really what these law enforcement officers gave that counted. In the payo sheets, those stand by themselves and writing oh money on it and names and dollar figures. The dollar figure is important as far as what's a dose and how much did he have and how many doses. And so the notion that there is something that the defense counsel would have been surprised about if only there had been notice is really to me far fetched because everybody knows that there's going to be testimony, what's a dose and how much does that cost? And have a way at cross-examination about whether they're qualified to say that a dose of heroin is a tenth of a gram or two tenths of a gram and go there. But the notion we were caught off guard, we would have had an expert. That seems like a lot. So I apologize, Percy, my Internet froze for about 20 seconds there. I believe I got the gist of the question, though, which is that this is common testimony in a drug case. And the notion that there would be a surprise perhaps isn't at least on a record such as this one isn't doesn't seem on face value, at least persuasive. So if that's my understanding, what would an expert have come in and said otherwise, that in fact, the dose is a full gram and that it costs a thousand dollars? OK, that would be important, but there's nothing to suggest that that would have ever happened. Right. Well, not in the record. And so I do think that's the nature of the proposed rebuttal testimony had it been offered would be perhaps that the dosage, as you said, is off. The testimony here from Sergeant Poole, for example, was a personal a dose typically of heroin is point one or point two grams. That's all the record shows. And my client had in his possession two point two grams. Well, if it turns out that that testimony is not reliable and in fact, the testimony is, as your honor just pointed out, one gram. It looks a lot more likely that it's personal use than an intent to distribute. So that is the nature of what the rebuttal testimony would have been. Now, I grant you that the record doesn't contain that. And I just go back to my fundamental point, which is the nature of the error is at least partially responsible for the deficiency in the record, though I certainly understand that the failure to object. You know, it is what it is. And that leads to the lack of the record as well. I interrupt you. Of course, you've been mentioning the obligation of the government to provide notice. But I don't think 16 rule 16 requires that notice be provided unless a request is made by the defendant. Did you make that request here? So the expert for a summary and notice of the expert's testimony. It is not in the record whether a request was made. So I cannot and I was not counsel. So I cannot tell you outside the record even whether and I wouldn't I wouldn't do that anyway. I will say on the question of whether there such a request was made a few points. The government doesn't argue that a request was not made. And perhaps a request had not been made. You're trying to convince us that you're trying to convince us that the absence of notice was significant here. And if we don't even know if the request was made and if we could assume that the request was made, the government would have would have done so. But we don't even know that. So I don't I don't feel like rule 16 is getting anywhere. Let me push back just slightly, if I could, Your Honor. The first is, I think if a request had not been made, the government might have made a motion to supplement the record with that fact. But putting that aside for a moment, you know, the government also makes the assumption in the brief. I think it's in I can't remember what footnote, but the government makes the assumption that this is expert testimony properly subject to rule 702. I don't think the government makes that assumption if, in fact, notice had been provided or if notice had not been provided because they thought it was rule 701 lay opinion testimony. And so the final thing I'd say on that. Oh, those are the two points I wanted to make on that point. But again, you know, I'm I'm I understand, you know, at base, my problem here is a lack of record. That's fairly clear. But I think given how obviously this testimony was subject to rule 702, we have cases from 30 years ago saying this type of testimony is 702 testimony that the court, you know, in our fictional plein air world where the court does have a sua splante duty to inquire whether this evidence is properly admitted under the rules of evidence had the duty to to bring up the issue. I will save what little time I have left and hopefully my Internet does not go out again and I will reserve it with the court's permission. Thank you, counsel. Mr. Altshuler. You're you're still muted, counsel. You need to unmute the mic. Please support Ashley Altshuler for the United States. The primary issue here, based on the case, Kristina Gonzalez that was mentioned by Mr. Mueller is challenging the admission of the three officers testimony being Sergeant Poole, Officer Lawson and Officer Pennington, based on the fact that it was expert testimony properly admissible under 702. What counsel's argument is without merit, however, is, is that there was absolutely no objection at trial level by counsel. And as stated quite clearly by this court and Sir Sterling Posterna Gonzalez is whether there's even any error at all, let alone plain. Well, counsel, I think in that opinion, it said may. I'm not sure it was as clear as you just said it is. Well, and the court and the court did did reach the plain error issue. Correct, Your Honor. But it's noteworthy, nonetheless, and I believe the opinion also cited the American Bar Association's trial practice standards as well. Stating that a judicial ruling that a proffered expert is qualified is unnecessary unless an objection is made to the expert's testimony. Certainly here, there's no on the record objection by counsel as to whether all the witnesses here, the three officers had sufficient qualifications to proffer the testimony regarding the drug distribution at the street level and the characteristics of paraphernalia, as well as the ledger involved in this case. On top of that, counsel mentions the rule 16 notice disclosures. There's also no objection regarding rule 16 notice that there was any improper notice. In this case, the district court had no opportunity to engage counsel was was was there a rule 16 request and was it complied with. I cannot recall specifically the rules rule 16 request as far as the record in the case. I believe early on standard practice for public defender's office to send a discovery request. So I believe such requests may have been made in this case, do those get filed with the court. Typically, no, Your Honor is just basically typically a letter to our office. So was it oversight of course in this case and the United States acknowledges would have been best practice to to file notice a formal document with a summary of the witnesses background and qualifications. In this case, their training experience and the basis of their opinions regarding the items of evidence in this case. But aside from that, the United States would submit there there certainly was no surprise here in this case. This is not a complex drug case involved in an international cartel distributing large quantities of drugs. There are certainly a notice of the evidence in this case being primarily the separate disc containers and Sergeant pool testified to regarding consistent with with packaging for sale and first and foremost the drug ledger. In this case, they had those that, of course, and certainly here, based on the lack of objection. The issue really is, is this a sort of testimony that the court typically properly allows which which certainly it is the cases are replete with this type of testimony being. Well, that's that that may be so that this may be sort of common practice, but I think the argument is that, wait a minute. The Supreme Court has been very clear now for some time that district courts have a gatekeeping function when it comes to expert evidence. And here, you're not contesting I take it that some of the testimony was expert testimony. And yet the gatekeeping function was never performed. So why isn't that a problem. Well, it is mentioned earlier in questioning and Mr Mueller, your honor. I believe you referenced whether the court was must respond to a act as gatekeeper here, that's, that's really I think that's what I'm asking you is did that does the court have an independent duty to say, look, we have Daubert we have Kumho tire. We have a lot of 10th Circuit cases that say that the district judge has got to make sure that expert testimony is based on qualifications and reliability. And here we have it, I better judge better jump in. My answer to that is no, your honor, the district court does not independently response a is not required or obligated to act as gatekeeper regarding this evidence without a proper objection from defense counsel which was never raised on either front, whether rule 16 issue that had occurred, or the qualifications of the three witnesses in this case, what about what about Mr Mueller's argument that maybe we ought to look at this like we do any other evidentiary challenge on appeal. Let's say that the defense counsel just didn't object and hearsay came in, but on appeal wants to say that was error that hearsay came in and and with the understanding that that the appellant is going to have to make out plain error. So why shouldn't we be in plain error territory here. Well, if we are in plain error territory here, then the next question is, is also addressed in pastrana Gonzalez's is whether the testimony, whether the qualifications met the burden of the 702 analysis and here, although we weren't required to have a record. Due to a lack of objection the record, nonetheless supports that these officers were eminently qualified to testify to the characteristics of street level distribution of heroin, particularly had Sergeant pool with 12 years of experience. He testified to having worked 25 drug cases specifically cases involving heroin. He testified that he was familiar with the different quantities of heroin that are sold as far as the prices and the amounts of heroin, which are consistent with drug sales, he can testify to his familiarity with a specific drug ledger in this case. And based on his training experience that the entries, which I believe are nine separate individuals in that drug ledger were consistent with the drug sales or individuals that have been fronted drugs by the defendant Mr drain and that the amounts written were consistent with the drug quantity sold or owed by those participants. Officer lost and also testified his training experience of three years experience that he had spoken consistently with the impact team of the Oklahoma City Police Department. And that impact team is a street specialized team to combat drug sales street level. They had gained experience for communications with them. And he testified based on his training experience, how the money was packaged in the bag found this is the 404 be evidence that was proffered, as well as his knowledge of the amount of heroin in question, which I believe was a little over 10 grams. Under state law was consistent with trafficking weight, and also that was a significant amount of heroin, and his opinion based upon the amount was consistent with not personal use that with the intent to distribute. So I believe that the record and all, even though there was no objection made the United States wasn't obligated to go through the typical let me have questions to proffer their training experience the record, nonetheless is sufficient. So, are you saying, once, once we're talking about plane error I'm not sure which step in the plane error analysis, all of this goes to maybe it goes to all three steps, but is there a particular point in the plane error analysis that you think is most persuasive for your side. Yes, just going back to the historic as always case Your Honor. If standing again in that case, but no objection was raised that it was hardly playing that the evidence was inadmissible, then the court alluded to the facts that there was first no problem with the nature of the testimony that was presented that again that the courts, the courts repeatedly admitted such testimony, considering the characteristics of drug sales and opinions regarding paraphernalia and drug sales, and also. Secondly, whether the witnesses were qualified to proffer that that that that expert testimony and Christiana Gonzalez, there was no clear record at all. The court found that that it was not plainly erroneous in that case because the party proffering the witness therefore had no notice of the need to establish the witnesses credentials in that case. Although there was no objection this case and the government had no notice to present any background credentials of the witnesses nonetheless United States in this case, did the record here is clear that the officers in question specifically Sergeant pool and officer Lawson were qualified to testify to the, their opinions regarding the paraphernalia the evidence in this case, Your Honor. And officer Pennington is the. He was called the court recalls on the record. He was called as a defense witness by Mr grain. So the United States did not proffer his training and background. Because of that. Your Honor. What about on that way if he's called as a defense counselor but as a defense witness. Then, with the rule 16 disclosure or even apply. If, if the testimony came out as a result of defense counsel questioning. I don't believe so, Your Honor, and in the opinion that was raised. It was brought out of leaving direct examination the point that they're trying to make through officer pennington's testimony is that the quantity involved and possessed. I believe it was a Miss Brooks. In that case was a simple possession charge as opposed to a larger amounts, not consistent with possession attempts I believe that invited the door certainly if the United States to profit the question regarding the difference in this case that Mr drain Possessed a drug ledger, which is different distinct based on that evidence from Mrs Brooks a situation. So, in all, I think. Due to the fact that counsel trial did not object to the testimony of these officers. So, based upon that, it is clear that under plain error analysis, no error was made by the district court. Unless there are not any more questions regarding that your honor I'd like to move to the other issue that was raised by Councilman brief is to the 911 call the excited utterance, can I ask you real quickly on that. Was there any reason for any relevance whatsoever to that damaging testimony, other than possession of the firearm which he already conceded, I don't understand why the 911 call was ever played. What I do, which is addressed by the district court, your honor, it was conceded by the simple statements of defense counsel did an opening statement, and also in their closing statement, your honor, but that is not evidence in this case councils comments so there was never any evidence proffered by Mr drain where he took the stand and acknowledge that he possessed that that firearm. So I believe the number one call was relevant in this case to sustain the United States burden to prove beyond a reasonable doubt that he in fact possessed a pistol. In this case, your honor. And also in framing the case as a whole, as to how Sergeant pool came in contact, responding to the 911 call made by dispatch and eventually making contact with the defendant that was driving that Chevy truck in the actions that law enforcement had to take based on the nature of the call being that shots were fired. I think, potentially was prejudicial United States in this case, the actions taken by the multiple officers that were that arrived that arrived on the scene, which was displayed on their, their body camera videos and ordering the defendant out of the car. And I believe many of the officers had guns raised as well. And the court, or at least the jury not being cognizant of the facts that shots were fired from that car from the Chevy truck that that possibly could have created some prejudice in their mind as to why the officers were acting the way they were acting. But first and foremost, it was additional evidence to show defending trains possession of the firearm. And I see I'm out of time, your honor. Any other questions for the panel. No, thank you. Thank you, counsel, I believe Mr. Mueller has some rebuttal time. Thank you, your honor, just a few points I'd like to make. The first is about the courts gatekeeper role and I think that's the word judge Matheson used in one of his questions, and I agree, the court has a special gatekeeper role when it comes to expert testimony. And this comes from Daubert recognizes the power of powerful effect expert testimony can have on juries. And so the court does have that duty to ensure that expert testimony is properly admitted and subject to rule 702 inquiry. The second point in terms of whether an error occurred or whether it was plain, the government spoke a lot about the qualifications of these officers, and surely they testified to those qualifications, but I would just reiterate that qualifications. Proper qualifications is one part but one part of the 702 analysis, there still needs to be a finding that their testimony is reliable and helpful to the jury, and I would also point out on this point that in the government's briefs they argue. Any air was non prejudicial, because the jury could have used common sense to reach the same conclusion. Well if that's true, then this wasn't helpful to the jury and shouldn't have been admitted as expert opinion testimony. I see my time is up if the court has questions I'm happy to answer any otherwise, I would ask the court to reverse. Thank you counsel we appreciate the arguments this morning. We'll consider the case submitted and counselor excused.